## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TJ HAGWOOD, #15019072,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:15-CV-2622-L** |
| | § | |
| **DALLAS POLICE DEPARTMENT,** | § | |
| **et al.,** | § | |
| | § | |
| Defendants. | § | |

### <u>ORDER</u>

Before the court is Plaintiff TJ Hagwood's ("Plaintiff") *pro se* compliant, filed August 11, 2015. Plaintiff brought this action, pursuant to 42 U.S.C. § 1983, against Defendants Dallas Police Department ("DPD"), the City of Dallas, and Dallas County, for alleged civil rights violations that occurred in conjunction with his arrest on April 7, 2015, by two DPD officers. The case was referred to Magistrate Judge David L. Horan, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 11, 2015, recommending that the court dismiss with prejudice as frivolous Plaintiff's claims against Defendant Dallas Police Department. The magistrate judge further recommended that the court stay Plaintiff's remaining claims against the City of Dallas and Dallas County and administratively close this case pending resolution of Plaintiff's criminal case in state court. No objections to the Report were received as of the date of this order.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** as frivolous Plaintiff's claims against Defendant Dallas Police Department. Further, the court expressly determines, pursuant to Federal

Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to this Defendant and **directs** the clerk of the court to enter the final judgment as to the Dallas Police Department.

With respect to Plaintiff's remaining claims against the City of Dallas and Dallas County, until resolution of the state criminal case occurs, the court will stay and administratively close this case so that it does not continue to age. Accordingly, the court **stays and administratively closes** this case and **instructs** the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

Plaintiff **shall** file a motion to reopen the case within **60 days** after entry of judgment in his state criminal court case. *Failure to do so will result in dismissal without prejudice of Plaintiff's remaining claims, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order.*

The court prospectively **certifies** that any appeal of this action regarding the matters set forth in this order would not be taken in good faith and **denies** a certificate of appealability. *See* 28 U.S.C. § 1915(a)(3). In support of this finding, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 30th day of October, 2015.

Sam A. Lindsay
United States District Judge